*434 OPINION.
Leech:
The Commissioner has determined the deficiency here by taxing the petitioner as an association under sections 13 and 801 of the Revenue Act of 1934.[1] The only question submitted here is whether, upon the facts found, the petitioner was taxable as an association. The term “association” is not defined by statute. Regulations have been promulgated by the respondent, and much has been said by the courts and the Board about the pertinent meaning and application of the term. However, the Supreme Court, in the com *435 paratively recent case of Morrissey v. Commissioner, 296 U. S. 344,[2] laid down the criteria by which we are controlled.
Undoubtedly, though the question is factual, in examining the facts, it is important to note those upon which most emphasis must be placed. Thus, it now seems settled that the purpose for which the trust is set up is probably the most important single fact. This would follow from the discussion of Chief Justice Hughes in the Court’s opinion in the Morrissey case, supra. It was there said:
What, then, are the salient features of a trust — when created and maintained as a medium for the carrying on of a business enterprise and sharing its gains— which may be regarded as making it analogous to a corporate organization?
And, in determining whether the purpose of a trust is the “carrying on of a business enterprise and sharing its gains,” the Board, on the authority of that case and its companions, has held that the powers granted the trustee in the trust instrument, rather than those activities in which the trust engaged during the particular tax years, shall be considered. Lee H. Marshall Heirs, 39 B. T. A. 101.
So here, the activities of the trust in which it actually engaged during the taxable year 1934 are not controlling. Nor is it decisive that the petitioner has not yet, in any year, actually carried on activities which would constitute it a business enterprise, although it may be doubted that the activities in which this trust actually engaged after the tax year did not characterize it so. The dominating fact here is that the trust, under the instrument creating it, had the power not only to collect and distribute the rent from the leased premises, but could also lease or dispose of these premises. And those powers were not merely incidental to the conservation of the trust property, as in Myers v. Commissioner, 89 Fed. (2d) 86, where the property was trusteed for the purpose of preserving it intact for a definite period to insure the payment of an obligation of the creators of the trust. In this case the converse is true. Here the property was to be conserved for the purpose of leasing and selling it for profit. Its conservation was incidental to the primary purpose of leasing and sale. The lease was renewable in perpetuity. The trust was, likewise, potentially perpetual. It was to terminate, only, upon the sale of the premises and the distribution of the net proceeds therefrom.
Although little financial risk was involved by investment in these certificates of beneficial ownership, it is nevertheless true that no repayment of nor return on that investment was obligatory at all events. Nor was the amount of any repayment or return limited except by the net rentals and net proceeds from the sale of property.
The reason the Cleveland Trust Co. created this trust was for the advantageous disposition of the banking premises for which it no *436 longer had use. But the conclusion seems just as inescapable here that it was created with the powers to lease and sell for the purpose of affording investors therein a medium by which to carry on the business of leasing and selling such property and sharing in the profits of that business. The fact that its operations were limited to the original trust property does not change the picture. Swanson v. Commissioner, supra. We think that the petitioner was created and maintained as a medium for carrying on a business enterprise and sharing its gains. Title Insurance & Trust Co. v. Commissioner, 100 Fed. (2d) 482.
In addition to tins purpose of the trust, what are some of its other salient features bearing upon the question at issue? The title to the property embarked in this business enterprise was held by a trustee, as a continuing entity, during the existence of the trust which, by its terms, was perpetual; there was centralized management by the trustee, representing the beneficiaries; the death of beneficiaries neither terminated nor interrupted the continuity of the enterprise; means were provided for the transfer of beneficial interests and for the introduction of a large number of participants without affecting that continuity; and the personal liability of the participants was, at least partially, limited to the property embarked in the undertaking.
The determination of the respondent is affirmed.

Decision will he entered for the respondent.

 SEC. 13. TAX ON CORPORATIONS.
(a) Rate op Tax. — There shall be levied, collected, and paid for each taxable year upon the net income of every corporation, a tax of 13% per centum of the amount of the net income in excess of the credit against net income provided in section 26.
SEC. 801. DEFINITIONS.
(a) When used in this Act—
*******
(2) The term “corporation” includes associations, joint-stock companies, and insurance companies.

 See also Helvering v. Coleman-Gilbert Associates, 296 U. S. 369; Helvering v. Combs, 296 U. S. 365; and Swanson v. Commissioner, 296 U. S. 362.